UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
KAREN A. GIANNELLI, ESQ.
MARK B. CONLAN, ESQ.
*Proposed Substitute Attorneys for Birdsall Services*
*Group, Inc. & BSG Engineering, Surveying &*
*Landscape Architecture, LLC*

| | |
|---|---|
| In re:<br><br>**BIRDSALL SERVICES GROUP, INC., et al.,**<br><br>Debtors-in-Possession. | **Chapter 11**<br>**(Jointly Administered)**<br><br>**Case No. 13-16743 (MBK)**<br><br>No Hearing Date |

### ORDER APPROVING MOTION FOR ENTRY OF ORDER, PURSUANT TO § 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE STATE OF NEW JERSEY

 The relief set forth on the following pages numbered two (2) through three (3) be and is

hereby ORDERED.

#1924459 v2
108687-83628

Page 2
Debtor:        In re Birdsall Services Group, Inc., et al.
Case Nos.:     13-16743 (MBK)
Order:         Order Approving Motion for Entry of Order, Pursuant to § 105(a) of the Bankruptcy Code and
Bankruptcy Rule 9019, Approving the Settlement Agreement Between the Debtors and the State of New Jersey

_____

Upon consideration of the Motion for Entry of an Order Pursuant to Fed. R. Bankr. P.

9019 Approving Settlement With the State of New Jersey (the "Motion") filed by Birdsall

Services Group, Inc. and BSG Engineering, Surveying & Landscape Architecture, LLC

(together, the "Debtors"), by and through their proposed counsel Gibbons P.C., and seeking

entry of this Order pursuant to section 105(a) of title 11, United States Code, 11 U.S.C. §§ 101–

1532 (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), approving the Settlement Term Sheet substantially in the form

attached to this Order (the "Settlement Agreement") by and between the Debtors and the State

of New Jersey (the "State") (collectively, the "Parties"); and it appearing that the relief

requested in the Motion is in the best interests of the Debtors, their respective bankruptcy

estates and creditors, and other parties in interest; and this Court having heard no objection to

the Motion from the United States Trustee; and it appearing that this Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core

proceeding pursuant to 28 U.S.C. § 157 and that the Court may enter a final order consistent

with Article III of the United States Constitution; and the Parties having entered into the

Settlement Agreement in good faith; and adequate notice of the Motion and opportunity for

objection having been given under the circumstances, with no objections having been filed or

all objections having been withdrawn or overruled, as the case may be; and it appearing that no

Page 3
Debtor:      In re Birdsall Services Group, Inc., et al.
Case Nos.:   13-16743 (MBK)
Order:       Order Approving Motion for Entry of Order, Pursuant to § 105(a) of the Bankruptcy Code and
Bankruptcy Rule 9019, Approving the Settlement Agreement Between the Debtors and the State of New Jersey
_____

other notice need be given; and the Court having determined that granting the relief requested

in the Motion is in the best interests of the Debtors, their respective estates and creditors; and

for good cause shown, it is

**ORDERED** as follows:

1.      The Motion is GRANTED.

2.      The Debtors' entry into the Settlement Agreement is hereby approved pursuant

to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.

3.      The terms of the Settlement Agreement, attached hereto as <u>Exhibit 1</u>, are hereby

incorporated into this Order by reference as if written fully herein and shall be enforceable as

provisions of this Order.

4.      The Debtors and/or any trustee appointed in these jointly administered cases are

authorized to perform under and comply with the terms of the Settlement Agreement, and to

execute and deliver all additional instruments and documents that may be reasonably necessary

or desirable to implement the Settlement Agreement without further Order of the Court.

5       Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and

enforceable immediately.

6       This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

# Exhibit 1

# Settlement Term Sheet

## SETTLEMENT TERM SHEET

This Settlement Term Sheet ("Term Sheet") is made and entered into by and between

Birdsall Services Group, Inc. and BSG Engineering, Surveying & Landscape Architecture, LLC

(together, "Birdsall"),  and the State of New Jersey (the "State"), (collectively, the "Parties").

**All agreements set forth herein remain subject to the approval of the United States**

**Bankruptcy Court for the District of New Jersey, pursuant to Federal Rule of Bankruptcy**

**Procedure 9019 and applicable law.**

1.    This Term Sheet sets forth the conceptual terms for: (i) the resolution of the

State's civil forfeiture causes of action against Birdsall, and (ii) provides for the creation of an

escrow account to hold monies available for the satisfaction of any fines, penalties, or restitution

claims against Birdsall that may arise out of the State's presently pending criminal action against

Birdsall.

**Civil Forfeiture Resolution**

2.    Birdsall shall consent to judgment being entered against it in the amount of

$2,600,000 in the State's civil forfeiture action initiated by the Superior Court of New Jersey's

Order to Seize and Restrain Property dated March 26, 2013 ("Seizure Order") and commenced

by complaint filed April 12, 2013 and presently pending in the Superior Court of New Jersey

(the "Civil Forfeiture Action"), on the terms set forth in Exhibit A attached hereto.

3.    Birdsall shall pay the State the sum of $2,600,000 (the "Settlement Amount") in

full and final satisfaction of the State's claims in the Civil Forfeiture Action and any other civil

forfeiture claims related to or arising out of the March 26, 2013 Indictment, whether or not such

claims are known or unknown to the State, and whether or not such claims have been asserted by

the State.

#1924406 v4
108687-83628

4.   In exchange, the State shall forever waive, release and discharge Birdsall and each of their respective successors, agents and assigns of and from all claims against Birdsall in the Civil Forfeiture Action, and any and all manner of claims of civil forfeiture now known or unknown, or hereafter becoming known, arising under and/or related to the March 26, 2013 Indictment or any alleged criminality set forth therein.  Upon the entry of the Consent Judgment, the Seizure Order will be deemed discharged and satisfied.

5.   Birdsall shall fund the Settlement Amount as follows:

a.   First, by a pledge from Birdsall to the State of Birdsall's interest in fifty percent (50%) of the cash surrender value of Birdsall's life insurance policies; such 50% share is expected to be in the sum of approximately $2,300,000; and

b.   Second, by a transfer of cash for the balance of the Settlement Amount up to a total of $2,600,000.

6.   Upon Bankruptcy Court approval of this Term Sheet, the State agrees to the Debtors' immediate use of cash collateral according to the terms of the Second Interim Cash Collateral Order entered by the Bankruptcy Court on April 8, 2013 and any future cash collateral order that may be approved by the Bankruptcy Court.  Notwithstanding anything set forth herein to the contrary, Bank of America reserves all rights respecting the Debtor's proposed use of cash collateral, and the Debtor's use of the Bank's cash collateral shall be subject to a Bankruptcy Court order which imposes, in substance, the additional requirements that:  (i) the Debtor pledge to the Bank as additional adequate protection 50% of the Debtor's interest in the cash surrender value of its life insurance policies, as set forth in par. 7 herein; (ii) the Debtor provide to Bank of America an acceptable cash collateral budget and appropriate reporting as may be reasonably

requested by Bank of America and approved by the Bankruptcy Court; and (iii) the aggregate

combined cash balances in the Debtor's bank accounts at Bank of America shall not fall below

$1,500,000 and that if such cash balances fall below $1,500,000, then, in such event, Bank of

America may move on shortened time to terminate Debtor's use of cash collateral.

**Pledge to Bank of America**

7.    Aside and apart from resolution of the State's civil forfeiture claims as set forth

above, Birdsall shall pledge the remaining fifty percent (50%) of Birdsall's interest in the cash

surrender value of its life insurance policies (in the aggregate amount of $2,300,000) to Bank of

America, Birdsall's secured lender, as additional collateral to secure Bank of America's secured

claim against Birdsall and to facilitate the further use of cash collateral in these cases.

Notwithstanding anything set forth herein to the contrary, Bank of America reserves all rights

respecting the Debtor's proposed use of cash collateral, and this additional collateral shall not be

deemed to be conclusive evidence of adequate protection of the Bank's interests.

**Criminal Fine, Penalty and Restitution Escrow**

8.    In recognition of Birdsall's potential liability for fines, penalties, and restitution

(collectively, "Fines") related to the State's claims against Birdsall set forth in the March 26,

2013 Indictment, Birdsall further agrees to fund an escrow account, subject to any valid liens

held by Bank of America, for the benefit of the State of New Jersey in the maximum amount of

$1,000,000 (the "Escrow") from which any Fines reduced to judgment will be paid if there is a

conviction.

9.    Birdsall shall fund the Escrow as follows:

      a.    First, by a transfer of fifty percent (50%) of all account receivables

          collected by Birdsall or its successor from April 15, 2013 until a sale of all

#1924406 v4
108687-83628

or substantially all of Birdsall's assets is completed (the "Sale"), up to a

maximum of $500,000; and

b.   Second, by fifty percent (50%) of the net cash proceeds received from the

Sale; and

c.   Third, by a further transfer of fifty percent (50%) of Birdsall's account

receivables until the Escrow is fully funded at $1,000,000.

Notwithstanding anything set forth herein to the contrary, Bank of America shall be

granted and shall have a first priority secured position in and lien on the Escrow funds until Bank

of America has been paid in full, including all outstanding principal, pre and post-petition

interest and attorneys' fees, costs and expenses as may be allowed under 11 U.S.C. Sec. 502 and

506.

10.   The Parties anticipate that the Chapter 11 Trustee will promptly negotiate with

the various interested parties who have expressed an interest in purchasing the assets of Birdsall

as a going concern and that such Sale will occur within 120 days of the date of this Term Sheet.

11. To the extent Fines ultimately total a sum less than $1,000,000, the remainder of

the Escrow shall be released to Birdsall's bankruptcy estates, subject to any valid liens held by

Bank of America, for distribution pursuant to the Bankruptcy Code and such Escrow balance

shall continue to be subject to Bank of America's first priority secured position in and lien on the

Escrow.

12. To the extent the Fines ultimately total a sum greater than $1,000,000: (a) the

State and/or any claimants entitled be paid on account of any Fines shall be treated as a secured

creditor up to the sum of $1,000,000 and junior in priority only to the claims of Bank of

#1924406 v4
108687-83628

America, and (b) any amounts in excess of $1,000,000 shall be treated according to the priority scheme set forth in the provisions of the Bankruptcy Code.

13. All of the foregoing is subject to any valid liens held by Bank of America, and nothing contained herein shall be deemed to impair the secured claim of Bank of America or any of Bank of America's rights, remedies, claims or position in the bankruptcy cases, including regarding the Debtors' use of Bank of America's cash collateral.

14. To the extent Bank of America exercises it remedies as to any of the assets of the Debtors allocated pursuant to this Term Sheet to satisfy the Debtors' obligations to the State (including the property intended to fund the Settlement Amount and the Escrow), which results in a deficiency in the Escrow, then upon full and irrevocable satisfaction of the Debtors' obligations to Bank of America, the State shall be deemed to have subrogated to Bank of America's position as the holder of a first lien on all of the Debtors' remaining assets to the extent necessary to satisfy the deficiency owed by the Debtors to the State.

15. Nothing contained herein shall be deemed to impair the fiduciary duties of the Chapter 11 trustee to be appointed in this case.

#1924406 v4
108687-83628

IN WITNESS WHEREOF, the Parties hereto have executed this Term Sheet as of the

date and year first written below.

| | |
|---|---|
| Dated:  April ___, 2012<br>        Newark, NJ | **STATE OF NEW JERSEY**<br><br>By_____<br>      Andrew H. Sherman, Esq.<br>      Boris I. Mankovetskiy, Esq.<br>      SILLS CUMMIS & GROSS P.C.<br>      One Riverfront Plaza<br>      Newark, New Jersey 07102<br>      Telephone:  (973) 643-7000<br><br>      *Special Counsel to the State of New Jersey* |
| Dated:  April ___, 2012<br>        Newark, NJ | **BIRDSALL SERVICES GROUP, INC.**<br><br>**BSG ENGINEERING, SURVEYING &**<br>**LANDSCAPE ARCHITECTURE, LLC**<br><br>By: _____<br>      Karen A. Giannelli, Esq.<br>      Mark B. Conlan, Esq.<br>      GIBBONS P.C.<br>      One Gateway Center<br>      Newark, New Jersey 07102<br>      Telephone:  (973) 596-4500<br><br>      *Proposed Counsel for Birdsall Services*<br>      *Group, Inc. and BSG Engineering, Surveying*<br>      *& Landscape Architecture, LLC* |

#1924406 v4
108687-83628

# EXHIBIT A

DEREK A. MILLER
DEPUTY ATTORNEY GENERAL
FOR:   JEFFREY S. CHIESA
          ATTORNEY GENERAL OF NEW JERSEY
DIVISION OF CRIMINAL JUSTICE
FINANCIAL AND COMPUTER CRIMES BUREAU
5 EXECUTIVE CAMPUS
SUITE 201
CHERRY HILL, NEW JERSEY 08002
(856) 486-3108

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - MONMOUTH COUNTY
DOCKET NO. MON-L-1401-13

_____

STATE OF NEW JERSEY,                          :                    CIVIL ACTION

                                                             :

     Plaintiff,                                :          **FINAL JUDGMENT BY CONSENT**

                                                             :

     v.                                           :          (N.J.S.A. 2C:64-1, *et seq.*)

                                                             :

A BANK OF AMERICA MONEY              :
MARKET ACCOUNT, HELD IN
THE NAME OF BIRDSALL                      :
SERVICES GROUP, INC., IN WHICH      :
THE LAST FOUR DIGITS OF THE
SAID ACCOUNT ARE 6664,                  :
WITH AN APPROXIMATE BALANCE
OF $2,040,580.79,                                   :

A BANK OF AMERICA ACCOUNT,       :
HELD IN THE NAME OF BIRDSALL
SERVICES GROUP, INC., IN WHICH      :
THE LAST FOUR DIGITS OF THE
SAID ACCOUNT ARE 9116,                  :
WITH AN APPROXIMATE BALANCE
OF $1,684,333.33,                                   :

A BANK OF AMERICA ACCOUNT,       :
HELD IN THE NAME OF BIRDSALL
SERVICES GROUP, INC., IN WHICH      :
THE LAST FOUR DIGITS OF THE
SAID ACCOUNT ARE 4713,                  :

#1924474 v1
108687-83628

WITH AN APPROXIMATE BALANCE
OF $673.52,                                              :

A BANK OF AMERICA ACCOUNT,                :
HELD IN THE NAME OF BIRDSALL
SERVICES GROUP, INC., IN WHICH          :
THE LAST FOUR DIGITS OF THE
SAID ACCOUNT ARE 1958,                   :
WITH AN APPROXIMATE BALANCE
OF $6,699.08,                                   :

A BANK OF AMERICA ACCOUNT,                :
HELD IN THE NAME OF BIRDSALL
SERVICES GROUP, INC., IN WHICH          :
THE LAST FOUR DIGITS OF THE
SAID ACCOUNT ARE 0178,                   :
WITH AN APPROXIMATE BALANCE
OF $2,075.74                                     :

A BANK OF AMERICA ACCOUNT,                :
HELD IN THE NAME OF BIRDSALL
ENGINEERING, INC., IN WHICH            :
THE LAST FOUR DIGITS OF THE
SAID ACCOUNT ARE 5656,                   :
WITH AN APPROXIMATE BALANCE
OF $12,203.66,                                  :

A BANK OF AMERICA ACCOUNT,                :
HELD IN THE NAME OF BIRDSALL
ENGINEERING, INC., IN WHICH            :
THE LAST FOUR DIGITS OF THE
SAID ACCOUNT ARE 3070,                   :
WITH AN APPROXIMATE BALANCE
OF $20,901.91,                                  :

                                                        :

A BANK OF AMERICA ACCOUNT,                :
HELD IN THE NAME OF CMX
ENGINEERING SURVEY &
LANDSCAPING ARCHITECTS                  :
IN WHICH THE LAST FOUR DIGITS
OF THE SAID ACCOUNT ARE 6106,       :
WITH AN APPROXIMATE BALANCE
OF $9,391.91,                                   :

A BANK OF AMERICA ACCOUNT,
HELD IN THE NAME OF TBCSC,                    :
IN WHICH THE LAST FOUR DIGITS
OF THE SAID ACCOUNT ARE 0250,                :
WITH AN APPROXIMATE BALANCE
OF $905.07,                                   :

A BANK OF AMERICA ACCOUNT,                   :
HELD IN THE NAME OF AHB
DEVELOPMENT CORP., IN WHICH THE :
LAST FOUR DIGITS OF THE SAID
ACCOUNT ARE 0277, WITH AN                    :
APPROXIMATE BALANCE  OF $3,857.23,
                                             :

A BANK OF AMERICA ACCOUNT,
HELD IN THE NAME OF LGA                       :
ENGINEERING INC., IN WHICH THE
LAST FOUR DIGITS OF THE SAID                  :
ACCOUNT ARE 8216, WITH AN
APPROXIMATE BALANCE  OF                       :
$7,200.33,
                                             :

A BANK OF AMERICA ACCOUNT,
HELD IN THE NAME OF                           :
PMK GROUP, INC., IN WHICH
THE LAST FOUR DIGITS OF THE                   :
SAID ACCOUNT ARE 1767,
WITH AN APPROXIMATE BALANCE                   :
OF $16,313.46,
                                             :

Defendants-in-Rem.                            :

AND                                           :

BIRDSALL SERVICES GROUP, INC.,                :
an individual;
                                             :
        Defendant
                                             :
_____:

     Plaintiff, the State of New Jersey, having commenced this forfeiture action through the

timely filing of its Verified Complaint, and the claimant, Birdsall Services Group, Inc.,

#1924474 v1
108687-83628

represented by Walder, Hayden & Brogan, P.A. (Joseph A. Hayden, Jr., Esq., appearing), having

been served with a copy of the Verified Complaint herein, and through its attorney, having

stipulated and agreed with the Plaintiff, State of New Jersey, represented by Jeffrey S. Chiesa,

Attorney General of New Jersey, (Deputy Attorney General Derek A. Miller, appearing), to the

entry of this Final Judgment by Consent, pursuant to N.J.S.A. 2C:64-1 *et seq.*, and the Court

having determined that there is no just reason to delay the entry of this Final Judgment by

Consent, and for good cause shown;


IT IS on this _____ day of _____ , 2013,


ORDERED AND ADJUDGED AS FOLLOWS:

1.      The Claimant, Birdsall Services Group, Inc. (hereinafter "Birdsall"), shall pay a

sum of $2,500,000, plus $100,000 for attorneys' fees, to the State of New Jersey, in full

and complete satisfaction of the claims and allegations set forth in the State's Verified

Complaint under Docket No. MON-L-104-13.


2.      Birdsall shall satisfy this Judgment in the following manner:

(a)      Birdsall shall pledge $2,300,000 of the cash surrender value of the life

insurance policies set forth in Exhibit A, to the State of New Jersey to satisfy this

Judgment, within seven days of the filing of this Order. Birdsall shall then borrow

against or directly withdraw the $2,300,000 in cash surrender value from the said

policies, as determined by a Chapter 11 Trustee appointed through the United

States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court")

to administer Birdsall's assets.  These funds shall be paid to the State of New Jersey as soon as the funds are available, but no longer than 60 days after the entry of this Order, provided however that this period can be extended for good cause shown by the Chapter 11 Trustee.  If the amounts in this paragraph 2(a) are not paid within sixty days of the entry of this judgment, payment must be arranged pursuant to terms submitted to the Superior Court for approval, and with the consent of both parties, which consent shall not unreasonably be withheld.

(b)      Birdsall shall pay the remaining $300,000 of this Judgment to the State of New Jersey within sixty days of the entry of this Order, provided however that this period can be extended  for good cause shown by the Chapter 11 Trustee.  If the said $300,000 is not paid within sixty days of the entry of this judgment, payment must be arranged pursuant to terms submitted to the Superior Court for approval, and with the consent of both parties, which consent shall not unreasonably be withheld.

3.      Upon entry of this Order, the State shall release the following accounts, which were seized and restrained on March 26, 2013, pursuant to an Order issued by the Hon. Lawrence M. Lawson, A.J.S.C.:

(a)      Bank of America Money Market account, held in the name of Birdsall Services Group, Inc., in which the last four digits of the said account are 6664, with an approximate balance of $2,040,580.79.

(b)      Bank of America account, held in the name of Birdsall Services Group,

Inc., in which the last four digits of the said account are 9116, with an

approximate balance of $1,684,333.33.

(c)      Bank of America account, held in the name of Birdsall Services Group,

Inc., in which the last four digits of the said account are 4713, with an

approximate balance of $673.52.

(d)      Bank of America account, held in the name of Birdsall Services Group,

Inc., in which the last four digits of the said account are 1958, with an

approximate balance of $6,699.08.

(e)      Bank of America account, held in the name of Birdsall Services Group,

Inc., in which the last four digits of the said account are 0178, with an

approximate balance of $2,075.74.

(f)      Bank of America account, held in the name of Birdsall Engineering, Inc.,

in which the last four digits of the said account are 5656, with an

approximate balance of $12,203.66.

(g)      Bank of America account, held in the name of Birdsall Engineering, Inc.,

in which the last four digits of the said account are 3070, with an

approximate balance of $20,901.91.

(h)      Bank of America account, held in the name of CMX Engineering Survey &

Landscaping Architects, in which the last four digits of the said account are 6106,

with an approximate balance of $9,391.91.

(i)      Bank of America account, held in the name of TBCSC, in which the last four

digits of the said account are 0250, with an approximate balance of $905.07.

(j)      Bank of America account, held in the name of AHB Development Corp., in

which the last four digits of the said account are 0277, with an approximate

balance of $3,857.23.

(k)      Bank of America account, held in the name of LGA ENGINEERING, Inc., in

which the last four digits of the said account are 8216, with an approximate

balance of $7,200.33.

(l)      Bank of America account, held in the name of PMK Group, Inc., in

which the last four digits of the said account are 1767, with an approximate

balance of $16,313.46.


4.      This agreement does not address, resolve, or limit Birdsall's criminal liability

arising under Indictment No. SGJ632-13-2-S.  This agreement shall not be deemed an

admission of guilt or wrongdoing and shall not be admissible in any pending or

subsequent criminal proceedings.


5.      In no event shall the State of New Jersey or the person or persons who seized the

defendant in rem property pursuant to N.J.S.A. 2C:64-1 et seq. or other personnel

involved in the prosecution of the within forfeiture action, be liable to suit or judgment in

favor of the claimants, for or on account of any such action or actions arising out of the

within matter.


6.      The State shall forever waive, release and discharge Birdsall and each of their

respective successors, agents and assigns of and from all claims against Birdsall in the

Civil Forfeiture Action, and any and all manner of claims of civil forfeiture now known

or unknown, or hereafter becoming known, arising under and/or related to the March 26,

2013 Indictment or any alleged criminality set forth therein.

    7.     A copy of this Order shall be served on all parties within ten (10) days of its entry.

 

_____

                                                J.S.C.

We hereby consent to the form and entry
of the foregoing Final Judgment:

THE STATE OF NEW JERSEY
Jeffrey S. Chiesa, Attorney General of New Jersey

By:   _____
       Derek A. Miller
       Deputy Attorney General


       _____
       Joseph A. Hayden, Jr., Esq.
       Attorney for Birdsall Services Group, Inc.


       _____
       Ralph J. Orlando
       President & Chief Executive Officer,
       Birdsall Services Group, Inc.

Civil Forfeiture Action, and any and all manner of claims of civil forfeiture now known

or unknown, or hereafter becoming known, arising under and/or related to the March 26,

2013 Indictment or any alleged criminality set forth therein.

7.     A copy of this Order shall be served on all parties within ten (10) days of its entry.

_____

J.S.C.

We hereby consent to the form and entry
of the foregoing Final Judgment:

THE STATE OF NEW JERSEY
Jeffrey S. Chiesa, Attorney General of New Jersey

By: _____
Derek A. Miller
Deputy Attorney General

_____
Joseph A. Hayden, Jr., Esq.
Attorney for Birdsall Services Group, Inc.

_____
Ralph J. Orlando
President & Chief Executive Officer,
Birdsall Services Group, Inc.

#1924474 v1
108687-83628

**EXHIBIT A**
**Life Insurance Policies to be Drawn Against in Satisfaction of Consent Judgment:**

| | POLICY # | CARRIER | INSURED | Co Name | FACE AMOUNT | CSV | AS OF |
|---|---|---|---|---|---|---|---|
| 1) | 8487942 | METLIFE | HILLA | BEI | $ 805,891 | $ 569,012 | 12/31/12 |
| 2) | 8632349 | METLIFE | HILLA | BEI | $ 252,071 | $ 171,323 | 12/31/12 |
| 3) | 8652914 | METLIFE | HILLA | BEI | $ 120,000 | $ 75,289 | 12/31/12 |
| 4) | 8735385 | NW MUTUAL | HILLA | BSG | $ 134,841 | $ 94,398 | 12/31/12 |
| 5) | 9670297 | NW MUTUAL | HILLA | BSG | $ 304,819 | $ 245,116 | 12/31/12 |
| 6) | 7759393 | NW MUTUAL | HILLA | BSG | $ 69,021 | $ 50,823 | 12/31/12 |
| 7) | 8487940 | METLIFE | H BIRDSALL | BEI | $ 348,000 | $ 390,430 | 12/31/12 |
| 8) | 8632348 | METLIFE | H BIRDSALL | BEI | $ 350,000 | $ 194,869 | 12/31/12 |
| 9) | 8652913 | METLIFE | H BIRDSALL | BEI | $ 130,000 | $ 72,375 | 12/31/12 |
| 10) | 8692769 | METLIFE | H BIRDSALL | BEI | $ 250,000 | $ 115,086 | 12/31/12 |
| 11) | 8714755 | METLIFE | H BIRDSALL | BEI | $ 195,000 | $ 85,591 | 12/31/12 |
| 12) | 8870740 | METLIFE | H BIRDSALL | BEI | $ 250,000 | $ 103,713 | 12/31/12 |
| 13) | 8405111 | NW MUTUAL | H BIRDSALL | BSG | $ 247,477 | $ 177,126 | 12/20/12 |
| 14) | 9670247 | NW MUTUAL | H BIRDSALL | BSG | $ 300,000 | $ 205,363 | 12/31/12 |
| 15) | 23175210 | PRUDENTIAL | H BIRDSALL | TBC | $ 20,000 | $ 20,184 | 12/31/12 |
| 16) | 8487943 | NE MUTUAL | ROSPOS | BEI | $ 100,000 | $ 94,347 | 07/14/12 |
| 17) | 8714727 | METLIFE | ROSPOS | BEI | $ 265,000 | $ 145,095 | 12/31/12 |
| 18) | 8714753 | METLIFE | ROSPOS | BEI | $ 415,900 | $ 159,311 | 12/31/12 |
| 19) | 8722402 | METLIFE | ROSPOS | BEI | $ 150,000 | $ 62,162 | 12/31/12 |
| 20) | 8722404 | METLIFE | ROSPOS | BEI | $ 350,000 | $ 137,475 | 12/31/12 |
| 21) | 10262011 | NW MUTUAL | ROSPOS | BSG | $ 302,000 | $ 108,193 | 12/31/12 |
| 22) | 8487941 | METLIFE | W BIRDSALL | BEI | $ 363,500 | $ 229,619 | 12/31/12 |
| 23) | 8633242 | METLIFE | W BIRDSALL | BEI | $ 350,000 | $ 162,664 | 12/31/12 |
| 24) | 8652915 | METLIFE | W BIRDSALL | BEI | $ 150,000 | $ 69,705 | 12/31/12 |
| 25) | 8714754 | METLIFE | W BIRDSALL | BEI | $ 225,000 | $ 99,237 | 12/31/12 |
| 26) | 8735335 | NW MUTUAL | W BIRDSALL | BSG | $ 84,840 | $ 50,308 | 12/31/12 |
| 27) | 9670286 | NW MUTUAL | W BIRDSALL | BSG | $ 300,000 | $ 148,665 | 12/31/12 |
| 28) | 10232461 | NW MUTUAL | W BIRDSALL | BSG | $ 91,904 | $ 50,847 | 12/31/12 |
| 29) | 1190923330 | Nationwide Ins | Dick Denny | MJA | $ 104,226 | $ 10,048 | 12/31/12 |
| 30) | 1190923540 | Nationwide Ins | RJ | MJA | $ 200,000 | $ 22,159 | 12/31/12 |
| 31) | 17066750 | NW MUTUAL | RJ | BSG | $ 500,000 | $ 49,854 | 12/31/12 |
| 32) | 1190910190 | Nationwide | PP | DVB | $ 208,083 | $ 8,083 | 09/30/12 |
| 33) | 17077470 | NW MUTUAL | PP | BSG | $ 250,000 | $ 25,713 | 12/31/12 |
| 34) | 6825647 | American General | Jack/Edna Morris | BSG | $ 1,000,000 | $ 100,435 | 5/25/12 |
| 35) | 1190954970 | Nationwide Ins | JLW | LGA | $ 500,000 | $ 31,688 | 12/31/12 |
| 36) | 17066803 | NW MUTUAL | JLW | BSG | $ 250,000 | $ 22,153 | 12/31/12 |
| 37) | 17066875 | NW MUTUAL | CMB | BSG | $ 500,000 | $ 26,930 | 12/31/12 |
| 38) | 006794356 | MassMutual | JCM III | JCM | $ 200,000 | $ 193,147 | 12/31/12 |
| 39) | 17066838 | NW MUTUAL | JCM III | BSG | $ 250,000 | $ 44,862 | 12/31/12 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | **BSG Total Permanent Life Insurance** | | | | **$ 10,887,573** | **$ 4,623,393** | |