| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>WASSERMAN, JURISTA & STOLZ, P.C.<br>225 Millburn Avenue, Suite 207<br>PO Box 1029<br>Millburn, New Jersey 07041<br>Tele: (973) 467-2700 / Fax: (973) 467-8126<br>Proposed Counsel for Edwin H. Stier,<br>Chapter 11 Trustee<br>**DANIEL M. STOLZ (DS-1827)**<br>**Donald W. Clarke (DC-7478)** | **FILED**<br>JAMES J. WALDRON, CLERK<br>APR 22 2013<br>U.S. BANKRUPTCY COURT<br>TRENTON, N.J.<br>BY _____ DEPUTY |
| In re:<br><br>**BIRDSALL SERVICES GROUP, INC., et al.,**<br><br>Debtors. | Case No.:    13-16743 (MBK)<br><br>Chapter 11<br>(Jointly Administered)<br><br>Judge: Michael B. Kaplan |

CORRECTED

**THIRD INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FEDERAL RULE BANKRUPTCY PROCEDURE 4001 AND SCHEDULING FINAL HEARING DATE**

The relief set forth on the following pages numbered two (2) through twelve (12) is hereby **ORDERED**.

_____
MICHAEL B. KAPLAN
USBJ

5499638v.2

Page 2
Debtors:          Birdsall Services Group, LLC, et al.
Case No. :        13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

**THIS MATTER** having been opened to the Court by Edwin H. Stier ("Trustee"), Chapter 11 Trustee for Birdsall Services Group, Inc. and BSG Engineering, Surveying & Landscape Architecture, LLC, the within debtors (collectively, the "Debtors"), by and through the Trustee's proposed attorneys, for authority to use Bank of America, N.A.'s ("Bank of America") cash collateral[1] on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. § 363(c)(2); and it appearing that the Trustee, Bank of America and the State of New Jersey (the "State") have reached an agreement with regard to the continued use of cash collateral; and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.        <u>Notice and Hearing</u>.  Notice of the Motion and of the interim hearing on the Debtors' use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.        <u>Chapter 11 Filed</u>.  The Debtors filed petitions under Chapter 11 of the Bankruptcy Code on March 29, 2013 (the "Petition Date").

C.        <u>Appointment of Trustee</u>.  On April 15, 2013, the Trustee was appointed by the Office of the United States Trustee. An Order was entered by this Court on April 16, 2013 as

---

[1] To the extent that Bank of America has valid, unavoidable liens on the Debtors' assets.

5499638v.2

Page 3
Debtors:        Birdsall Services Group, LLC, et al.
Case No.:       13-16743 (MBK)
Caption of Order:   Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

---

well appointing the Trustee as Chapter 11 Trustee in these matters. The Trustee is now the sole representative of the Debtors' estates (the "Estates").

D.    Joint Administration. By Order dated April 8, 2013, this Court ordered the Debtors' cases jointly administered.

E.    Pre-Petition Debt to Bank of America. The Debtors were borrowers under certain Loan Documents with Bank of America. Bank of America asserts a blanket lien on substantially all the Debtors' assets. Bank of America asserts a secured claim in the approximate amount of $3,644,751 as of the Petition Date (the "Pre-Petition Debt").

F.    Debt to State of New Jersey. Pursuant to a Settlement Term Sheet approved by this Court, by Order dated April 15, 2013 (the "Settlement Agreement"), the Debtors agreed, *inter alia,* to pay the State the sum of $2,600,000.00 and to partially secure such settlement amount by pledging to the State 50% of the cash surrender value of the Debtors' life insurance policies. Pursuant to the Settlement Agreement, the Debtors' further agreed to pledge the remaining 50% interest in the cash surrender of the life insurance policies (in the aggregate amount of $2,300,000.00) to Bank of America.

G.    Pre-Petition Collateral. Subject to the Trustee's reservation of rights to challenge the extent, validity and priority of Bank of America's lien, it appears Bank of America may have a properly perfected lien on all or substantially all the Debtors' assets as of the Petition Date, including the Debtors' cash, accounts receivable and other collateral, the cash proceeds of which is or may constitute "Cash Collateral" as defined by 11 U.S.C. §363(a).

5499638v.2

Page 4
Debtors:          Birdsall Services Group, LLC, et al.
Case No.:         13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

In addition, the State has a valid and perfected lien on and security interest in all of the Debtors' assets pledged to the State pursuant to the Settlement Agreement.

H.    Cash Collateral. "Cash Collateral" as defined by 11 U.S.C. §363(a) includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 522(b) and as the term "proceeds" is described in UCC Section 9-306.

I.    Necessity and Best Interest. The Trustee does not have sufficient unencumbered cash or other assets of the Debtors with which to continue to operate their businesses in Chapter 11. The Trustee requires immediate authority to use cash collateral as defined herein to continue the Debtors' business operations without interruption toward the objective of formulating an effective plan of reorganization or sale of substantially all of the Debtors' assets pursuant to 11 U.S.C. § 363 and the related provisions. The Trustee's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the Estates pending a final hearing. The amount of Bank of America's Cash Collateral authorized to be used pending a final hearing or entry of a final Order is not to exceed the amounts reflected in the Debtors' four-week summary cash flow attached hereto as Exhibit "A," for the time period from the Petition Date through and including May 19, 2013 (the "Cash Collateral Budget").

5499638v.2

Page 5
Debtors:          Birdsall Services Group, LLC, et al.
Case No.:         13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

J.         <u>Purposes</u>. The Trustee must be authorized to use Bank of America's and Cash Collateral to meet the Debtors' ordinary cash needs for the payment of actual expenses of the Debtors necessary to: (a) maintain and preserve their assets, and (b) continue operation of their businesses, including payroll and payroll taxes, rent, utilities, post-petition amounts owed to vendors and other suppliers of goods and services, certain pre-petition amounts owed to vendors and other suppliers of goods and services approved for payment by Bank of America or otherwise authorized by the Court and insurance as reflected in the Cash Collateral Budget through the date of the Final Hearing.

AND for good cause shown,

IT IS ORDERED on an interim basis as follows:

1.         <u>Use of Cash Collateral</u>. The Trustee is authorized to use Bank of America's Cash Collateral in accordance with the Cash Collateral Budget through and including May 19, 2013, for the following purposes:

(a)     maintenance and preservation of their assets; and

(b)     the continued operation of the Debtors' businesses, including but not limited to payroll, payroll taxes, rent, utilities, post-petition amounts owed to vendors and other suppliers of goods and services, certain pre-petition amounts owed to vendors and other suppliers of goods and services approved for payment by Bank of America or otherwise authorized by the Court and insurance; and

(c)     to fund the Escrow (as defined in the Settlement Agreement) which the Debtors are required to establish pursuant to the Settlement Agreement; and

5499638v.2

Page 6
Debtors:    Birdsall Services Group, LLC, et al.
Case No.:    13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

(d)    such other expenses as may by authorized by the Court.

2.    Adequate Protection. As adequate protection for use of its Cash Collateral, Bank of America is GRANTED:

(a)    a replacement perfected security interest under 11 U.S.C. § 361(2): (i) only to the extent the Debtors and/or the Trustee use Bank of America's Cash Collateral and such use results in a diminution of its interest in the cash collateral; (ii) only to the extent Bank of America's pre-petition lien(s) or interest(s) are valid; and (iii) with the same priority in the post-petition collateral and proceeds thereof of the Debtors that Bank of America held in the pre-petition collateral;

(b)    the replacement lien(s) and security interest(s) granted to Bank of America shall automatically be deemed perfected upon entry of this Order without the necessity of either taking possession of its collateral or filing financing statements, mortgages or other documents;

(c)    to the extent that the adequate protection provided for herein, including the Equity Cushion, fails to protect Bank of America against any post-petition diminution in the value of its collateral, Bank of America is hereby granted a super-priority administrative expense claim as provided for in Section 507(b) of the Bankruptcy Code; and

(d)    nothing contained herein shall impair or prejudice the Trustee, the Debtors or their Estates' rights to challenge the extent, priority, perfection and amount of any prepetition secured claims, liens, security interests or other interests of Bank of America.

3.    Reporting. The Trustee shall provide to counsel to Bank of America and the State the detail and underlying assumptions associated with the Cash Collateral Budget. The

5499638v.2

Page 7
Debtors:         Birdsall Services Group, LLC, et al.
Case No.:        13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

Trustee shall also provide the following accountings to Bank of America and the State, in form and substance satisfactory to Bank of America and the State, on Tuesday, April 30, 2013, and continuing every Tuesday thereafter through the term of this Order: (i) cash receipts and disbursements made by the Debtors; (ii) a reconciliation comparing actual results and expenditures to the Cash Collateral Budget for the previous week and on a cumulative basis, with an explanation of all variations; (iii) a reconciliation of available cash compared to actual cash available through all bank accounts (for the avoidance of doubt, the reconciliation will be of "book cash" to "bank cash"); (iv) an accounts receivable aging report; (v) an accounts payable aging report; and (vi) to the extent applicable, an inventory report. Nothing herein shall limit or modify the Debtors' obligations to provide reports to Bank of America pursuant to the terms of the loan documents between the Debtors and Bank of America. In addition, the Trustee shall provide Bank of America and the State with copies of their monthly United States Trustee operating reports. Upon appointment of an official committee of unsecured creditors ("Committee"), the Trustee shall submit a copy of the monthly operating reports to counsel to the Committee (if counsel has been appointed), and until counsel is retained, to the Chairman of said Committee. The Trustee shall also deliver to Bank of America and the State documentation confirming that the Trustee has secured and maintains property, liability and workmen's compensation insurance on behalf of the Estates, in amounts and with insurers that are reasonably acceptable to Bank of America and the State and that name Bank of America and the State as loss payees and additional insured, as applicable.

5499638v.2

Page 8
Debtors:         Birdsall Services Group, LLC, et al.
Case No.:        13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

4.  <u>Creditors' Rights of Inspection and Audit</u>. Upon reasonable notice by Bank of America and the State, the Trustee shall permit Bank of America and the State and any of its agents reasonable and free access to the Debtors' records and place of business during normal business hours to verify the existence, condition and location of collateral in which Bank of America asserts and/or the State has a security interest and to audit the Debtors' cash receipts and disbursements.

5.  <u>Interlocutory Order and No Modification of Creditor's Adequate Protection</u>. This is an interlocutory order. Nothing contained herein shall be deemed or construed to: (a) limit Bank of America and the State to the relief granted herein; (b) bar Bank of America and the State from seeking other and further relief (including, without limitation, relief from the terms of this Order) for cause shown on appropriate notice from Bank of America and the State and other parties-in-interest entitled to notice of same; or (c) require Bank of America and the State to make any loans or advances to the Estates.

6.  <u>Default Hearing</u>. In the event the Trustee and/or the Debtors default under or violate this Order, Bank of America and/or the State may request a hearing and be heard as soon as the Court is available. For purposes of this Order, however, the Trustee and/or the Debtors shall not be deemed to be in default for any deviation from the Cash Collateral Budget provided such deviation is not more than ten (10%) percent of (i) the total budgeted disbursements on a cumulative basis or (ii) the total budgeted collections on a cumulative basis. In addition, the Trustee agrees that in the event that the balances of the actual cash

5499638v.2

Page 9
Debtors:          Birdsall Services Group, LLC, et al.
Case No.:         13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

---

available through all bank accounts are less than $1,500,000.00, then, in such an event, Bank of America may move on shortened notice to terminate the Trustee's use of cash collateral.

7. <u>Further Assurances.</u> Bank of America and all other depository institutions shall cooperate and provide immediate access to the Trustee of all "cash" and "cash collateral" and the Trustee may use the funds in accordance with the Cash Collateral Budget and comply with the requirements under the Bankruptcy Code, and the Local Bankruptcy Rules and procedures governing these proceedings.

8. <u>Integration with Settlement Agreement.</u> Notwithstanding anything to the contrary herein, nothing in this Interim Cash Collateral Order shall limit, modify or otherwise adversely affect the rights, interests and protections of the State or Bank of America under the Order Approving the Settlement Agreement Between the Debtors and the State of New Jersey Pursuant to 11 U.S.C. §105 and Fed.R.Bankr.P. 9019, entered on April 15, 2013 (the "Settlement Order"). To the extent of any conflict between the Settlement Order and this Interim Cash Collateral Order, or any future Order of the Court, the Settlement Order shall control for all purposes. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the security interests in, liens on and pledge of the Debtors' assets to the State (the "State's Liens") and Bank of America (the "Bank's Additional Lien")[2], as set forth in the Settlement Order without the necessity of filing or recording any financing

---

[2] The Bank's Additional Lien granted pursuant to the Settlement Order is in addition to Bank of America's existing perfected security interests and liens, as more fully described in paragraph 2 of this Order and pursuant to the applicable loan documents between Bank of America and the Debtors.

5499638v.2

Page 10
Debtors:          Birdsall Services Group, LLC, et al.
Case No.:         13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable non-bankruptcy law) the State's Liens, or to entitle the State and/or Bank of America to the priorities granted in the Settlement Order. The Debtors, the Chapter 11 Trustee and any third parties are authorized and directed to execute and deliver promptly upon demand to the State and Bank of America all such instruments or documents as the State and/or Bank of America may reasonably request in connection with the State's and Bank of America's Liens. The State and/or Bank of America, in their sole discretion, may file a photocopy of this Order as a financing statement with any filing or recording office or similar office, in addition to or in lieu of such financing statements, notices of lien or similar instruments.

**FINAL HEARING** /CONTINUED INTERIM HEARING

**IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN** that any creditor or other interested party having any objection to the use of Bank of America's Cash Collateral shall file with the Clerk of this Court and serve upon counsel for the Trustee, counsel to Bank of America and the State and the Office of the United States Trustee, by or before: 5:00 p.m. on the 8TH day of May, 2013, a written objection, and shall appear to advocate said objection at a Final Hearing to be held at 2:00 p.m. on the 15TH day of May, 2013 in Courtroom #3 of the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey. If no objections are filed and advocated at such hearing, then this Order shall continue

5499638v.2

Page 11
Debtors:          Birdsall Services Group, LLC, et al.
Case No. :        13-16743 (MBK)
Caption of Order: Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rule of Bankruptcy Procedure 4001(d)(3).

## NOTICE

**IT IS FURTHER ORDERED** that the Trustee serve a copy of this Order and Notice by first class mail, within 1 business days from the date hereof, on: (a) the Office of the United States Trustee; (b) the State of New Jersey; (c) Bank of America and all other known secured creditors and their respective counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been appointed and, if not, to each of the Debtors' twenty (20) largest unsecured creditors set forth on the lists filed pursuant to Federal Rule of Bankruptcy Procedure 1007(d). The Trustee shall thereafter file with the Clerk a Certificate of Service of said mailing.

5499638v.2

Page 12
Debtors:           Birdsall Services Group, LLC, et al.
Case No. :         13-16743 (MBK)
Caption of Order:  Third Interim Order Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Federal Rule of Bankruptcy Procedure 4001 and Scheduling a Final Hearing Date

The undersigned consent to the form and entry
of the within Order.


WASSERMAN, JURISTA & STOLZ, P.C.
Proposed Counsel to Chapter 11 Trustee

By:_____
   DANIEL M. STOLZ


SILLS, CUMMIS & GROSS, P.C.
Special Counsel to the State of New Jersey

By:_____
   ANDREW H. SHERMAN  SIMON KIMMELMAN


WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER, LLP
Counsel to Bank of America, N.A.

By:_____
   SCOTT A. ZUBER

5499638v.2

Case 13-16743-MBK    Doc 84    Filed 04/22/13    Entered 04/23/13 09:54:33    Desc Main
Document    Page 13 of 13

BIRDSALL SERVICES GROUP, INC.
4 Week Projected Cash Flow through
5/17/2013

| | Proj Wk 1 W/E 4/26/2013 | Proj Wk 2 W/E 5/3/2013 | Proj Wk 3 W/E 5/10/2013 | Proj Wk 4 W/E 5/17/2013 |
|---|---:|---:|---:|---:|
| **Cash Receipts:** | | | | |
| A/R Collections | 500,000 | 500,000 | 500,000 | 500,000 |
| | | | | |
| **Disbursements:** | | | | |
| Operating Staff Labor & Taxes | 713,000 | | 641,700 | |
| Corporate Labor & Taxes | 88,070 | | 79,263 | |
| Benefits - fund 'ee 401k, dental,disab, life | 92,000 | 111,800 | 82,800 | |
| Benefits - medical Claims Acct (Self Ins Medical Plan) | 60,000 | 60,000 | 60,000 | 60,000 |
| | | | | |
| Rent: | | | | |
|    Eatontown | - | 65,600 | - | - |
|    Cranford | 60,668 | 60,668 | - | - |
|    Voorhees | 14,256 | 14,256 | - | - |
|    White Plains | 8,361 | 8,361 | - | - |
|    NYC | 2,450 | 2,450 | - | - |
|    Henderson Harbor, NY (MTM - specific project) | 1,000 | 1,000 | - | - |
|    Sea Girt (Reject) | - | - | - | - |
|    Newark (Reject) | - | - | - | - |
|    Barnegat (Owned - listed for sale) | - | - | - | - |
| | | | | |
| Utilities (excl Sea Girt, Newark) | 18,000 | 18,000 | | |
| | | | | |
| Real Estate Taxes | | | | |
|    Barnegat (Owned - listed for sale)  ($3,500 5/1, 8/1) | - | 3,500 | | |
| | | | | |
| Professional Fees - Re-Org (1st Qtr) | - | - | - | - |
| Professional Fees - Defense Atty | - | - | - | - |
| Professional Fees - Tax/Audit/Review | - | - | - | - |
| Professional Fees - Investment Banker/sale | - | - | - | - |
| U.S. Trustee | - | - | - | - |
| | | | | |
| Telephones | 19,000 | 20,000 | | |
| Computer Communications | 19,000 | 20,000 | | |
| Public Relations - Internal-external communications | | 9,500 | | |
| Marketing /Business Development | 15,000 | 15,000 | 15,000 | 15,000 |
| Subcontractors/Subconsultants | 125,000 | 100,000 | 100,000 | 100,000 |
| Vehicles - Fuel & Maintenance | 9,000 | 5,000 | 5,000 | 5,000 |
| Print/Reproduction Equipment | 15,000 | 9,000 | 9,000 | 9,000 |
| Field Equipment/Supplies | 2,000 | 2,000 | 2,000 | 2,000 |
| Medical Testing - Field personnel | - | - | - | 3,000 |
| Postage, UPS and Office Supplies | 9,000 | 4,500 | 4,500 | 4,500 |
| Payroll Service (ADP) | | 5,000 | | 5,000 |
| H.R. Expenses | 1,000 | 1,000 | 1,000 | 1,000 |
| Credit Cards - ezpass, IT, marketing, supplies | 9,000 | | 20,000 | |
| Employee Expense reimbursements - mileage,tolls, misc | 12,000 | | 15,000 | |
| Misc Other expenses | 10,000 | 10,000 | 10,000 | 10,000 |
| Insurance - premiums on CSV policies | 19,415 | | 4,000 | |
| Insurance - term policy | 9,820 | | | |
| Bank Interest | 37,000 | 37,000 | | |
| Bank Principal | 100,000 | - | | |
| Taxes | | | | |
| Voided checks | | | | |
| | | | | |
| **Fund State account for Forfeiture** | 170,000 | 250,000 | 80,000 | |
| | 1,639,040 | 833,635 | 1,129,263 | 214,500 |
| | | | | |
| Net Cash Flow | (1,139,040) | (333,635) | (629,263) | 285,500 |
| | | | | |
| Cash, Beginning of Week | 5,326,289 | 4,187,249 | 3,853,614 | 3,224,351 |
| | | | | |
| Cash, End of Week | 4,187,249 | 3,853,614 | 3,224,351 | 3,509,851 |