**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)
WASSERMAN, JURISTA & STOLZ, P.C.
225 Millburn Avenue, Suite 207
PO Box 1029
Millburn, New Jersey 07041
Tele: (973) 467-2700 / Fax: (973) 467-8126
Proposed Counsel for Edwin H. Stier,
Chapter 11 Trustee
**DANIEL M. STOLZ (DS-1827)**

In Re:

**BIRDSALL SERVICES GROUP, INC.,** *et al.,*

Debtors.

Case No.: 13-16743(MBK)

Honorable Michael B. Kaplan

Chapter: 11

## CERTIFICATION OF EDWIN H. STIER IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING EMPLOYEE BONUS PAYMENTS

Edwin H. Stier, Esq., being of full age and having been duly sworn according to law, hereby deposes and says:

1. On April 15, 2013, I was appointed Chapter 11 Trustee for the bankruptcy estates of Birdsall Services Group, Inc. and BSG Engineering, Surveying and Landscaping Architect, LLC (the "Debtors").

2. By Order dated April 16, 2013, my appointment as Trustee was approved by this Court.

3. With the assistance of the professionals I have retained and the dedicated staff of the Debtors, I have endeavored to fully understand the Debtors' business and operations and the options available in these Chapter 11 cases.

4. Unfortunately, it has become apparent that, because a number of factors, the reorganization of the Debtors under a Chapter 11 Plan is not feasible.

5. The cumulative impact of the criminal indictments, the employee furloughs and the negative publicity has been devastating to the Debtors. In addition, the Attorney General for the State of New Jersey has made it clear that the State will press for the debarment of the Debtors and the revocation of the Debtors' charter.

6. The customers of the Debtors are hesitant to continue with pre-petition contracts or to commit to further business with the Debtors.

7. The key employees, who maintain relationships with many of the valuable customers see no future with Birdsall and are being pursued by competitors for employment.

8. As a result of the foregoing, after consultation with my professional advisors, I have concluded that the best avenue for resolution of these Chapter 11 Cases is through a sale of the Debtors as a going concern.

9. The primary value in the Debtors' assets is through their talented and professional staff. There is no question in my mind that the key to obtaining maximum value under any sale is to keep the staff together and receptive to potential employment with a purchaser. This will not only enhance the purchase price, but will also enhance the anticipated collection of accounts receivable.

10. After extensive discussions with management and the professionals I have retained in these Chapter 11 Cases, I am requesting that the Court approve a bonus program for employees.

11. Attached hereto, and marked Exhibit "A" is a listing of the proposed bonuses to be paid to those employees who commit to remain in the employment of the Debtors through closing on any sale and agree to entertain, in good faith, employment discussions with a potential purchaser.

12. I am aware that payment of "retention bonuses" has frequently been a controversial issue in Chapter 11 Cases. It is my understanding that, in most of those cases, the concern is with regard to "self-dealing" by the Officers and Directors of the Debtors, who frequently propose to grant themselves large retention bonuses.

13. In these Chapter 11 Cases, I am in the sole decision maker, as Chapter 11 Trustee. I have independently reviewed and endorsed the bonuses set forth on Exhibit "A".

14. I strongly believe that the value to be obtained through the retention of key employees will far exceed the amount of the bonuses to be paid. Indeed, I fear that absent payment of these bonuses, I will be unable to retain a "critical mass" of employees and no sale of the businesses as going concern might be feasible.

15. Based upon the foregoing, I respectfully request that the Court approve the bonus program set forth in Exhibit "A", together with such other and further relief as is just and appropriate in the circumstances.

16. I hereby certify that the foregoing statements are made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By: _____
EDWIN H. STIER, Chapter 11 Trustee
for Birdsall Services Group, Inc.,

Dated: April 30, 2013