| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>225 Millburn Avenue - Suite 207<br>Millburn, New Jersey  07041<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel to Edwin H. Stier, Esq.,<br>Chapter 11 Trustee<br>**DANIEL M. STOLZ**<br>**DONALD W. CLARKE** | |
| In Re:<br><br>**BIRDSALL SERVICES GROUP, INC.**, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 13-16743<br>(Jointly Administered Case No. 13-16746)<br><br>Hon. Michael B. Kaplan |

**APPLICATION IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER
AUTHORIZING THE TRUSTEE TO REJECT EXECUTORY CLIENT CONTRACTS,
UNEXPIRED EQUIPMENT LEASES AND
UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES
<u>PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(a)</u> AND BANKRUPTCY RULE 6006**

**TO:   HONORABLE** MICHAEL B. KAPLAN
       **UNITED STATES BANKRUPTCY JUDGE**

Edwin H. Stier, Esq., Chapter 11 Trustee for the above-referenced jointly administered estates of Birdsall Services Group, Inc. ("Birdsall") and BSG Engineering, Surveying and Landscaping Architecture, LLC ("BSG", collectively with Birdsall, the "Debtors"), by and through his counsel, Wasserman, Jurista & Stolz, P.C., respectfully provides this Court with the following Application in Support of the Trustee's Motion for an Order Authorizing the Trustee to Reject Executory Client Contracts, Unexpired Equipment Leases and Unexpired Non-Residential Real Property Leases Pursuant to 11 U.S.C. §§ 105(a) and 365(a) and Bankruptcy Rule 6006 (the "Motion"):

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(M) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

3. On March 29, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtors provide professional engineering and environmental consulting services for a variety of clients on numerous projects. The Debtors provide services in the areas of building systems, energy and sustainability, environmental and geotechnical, marine, public engineering, regulatory compliance, site development, transportation, waste management and water resources.

5. On April 15, 2013, an Order was entered approving a settlement between the State of New Jersey (the "State") and the Debtors resolving the State's civil forfeiture causes of action against the Debtors (the "Settlement"). The Settlement provided for the appointment of a Chapter 11 Trustee for the Debtors' Estates.

6. On April 16, 2013, an Order was entered approving the appointment of Edwin H. Stier, Esq. as Chapter 11 Trustee (the "Trustee").

7. Pursuant to the terms of the Settlement, it was contemplated that the Trustee would sell the assets of the Debtors as a going concern within 120 days of the effective date of the Settlement.

2

8.      On May 20, 2013, a Consent Order was entered authorizing the Trustee's rejection of an unexpired non-residential real property lease with Sea Girt Center, LLC (the "Sea Girt Real Property Lease").

9.      On June 6, 2013, a Sale Order was entered approving the Asset Purchase Agreement between the Debtors and Partner Assessment Corporation ("Partner") authorizing the transfer of the majority of the Debtor's assets (the "Partner Sale Order").

10.      On June 21, 2013, an Order authorizing the Trustee to assume and assign certain client contracts to Maser Consulting, P.A. was filed (the "Maser Assignment Order").

## REQUESTED RELIEF

11.      By this Motion, the Trustee seeks entry of an Order, pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing the Trustee to (i) reject certain executory client contracts (contained in *Schedule "A"*), (ii) reject certain unexpired equipment leases (contained in *Schedule "B"*), (iii) reject certain unexpired non-residential real property leases (contained in *Schedule "C"*) as of the earlier of the date the Debtors vacate the property or the date of the entry of this Order (the "Lease Rejection Date"), (iv) authorizing the Trustee to abandon any fixtures or personal property located at the leased premises; and (v) requiring the landlord to file a Proof of Claim, if any, on or before thirty (30) days after the entry of this Order rejecting the leases or be forever barred from asserting a claim in this case.

## BASIS FOR RELIEF

12.      After consulting with his professionals, it is the Trustee's business judgment that it is in the Estates' best interests to reject the executory client contracts, unexpired equipment leases and unexpired non-residential real property leases referenced in the attached Schedules "A" through "C".

3

13. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. §365(a). A debtor's determination to reject an executory contract is governed by the "business judgment" standard. *See N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 104 S. Ct. 1188, 1195, 79 L. Ed. 2d. 482 (1984); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098-99 (2d Cir. 1993) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim or caprice).

14. To satisfy the business judgment standard the Trustee need only demonstrate that the rejection of the executory contract will benefit the Estate. *In re Wheeling-Pittsburgh Steel Corp.,* 72 B.R. 845 (Bankr. W.D. Pa. 1987).

15. Once the debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company.'" *Official Comm. Of Subordinated Bondholders v. Integrated Res., Inc.,* 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (D. Del. 1985)).

16. The business judgment standard shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp.,* 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions").

17. Section 105(a) grants bankruptcy courts authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

18. The Trustee has satisfied the "business judgment" standard for rejecting the contracts as the Debtors are no longer able to service any client contracts. Moreover, the leased equipment and premises will not be needed after the removal of any property included in the Partner Sale Order or Maser Assignment Order, which were not included in the Partner Sale Order or Maser Assignment Order.

19. In considering any options with respect to the leases, the Trustee and his professionals have determined that rejection is the only option. Based upon the Trustee's understanding of current market conditions, the Trustee does not believe that the leases have meaningful value (if any) that could be realized through assumption and assignment to third parties and, therefore, the Trustee does not believe it is a prudent use of Estate resources to incur the expense of marketing the leases for sale.

20. By rejecting the equipment leases at this time, the Trustee will avoid incurring unnecessary administrative charges that provide no tangible benefit to the Debtors' Estates. The resulting savings from the rejection of the equipment leases will instead be retained by the Estates for the benefit of all creditors.

21. In addition, through the rejection of the real property leases, the Trustee will be relieved from paying the rent and additional costs, including, but not limited to, taxes, utilities, water and sewer charges, insurance, operating expenses and other related charges associated with the respective leases.

22.     By this motion, the Trustee also requests the authority to abandon any fixtures or personal property at the leased premises. The property is no longer of any use to the Debtors.

23.     It may require several more days for the Debtors to remove property it does not intend to abandon. Courts have made clear that a debtor need not comply with lease terms related to the vacation of a leased premise, including those related to clean-up and repair, in order to effectively reject a lease. *See In re Ames Dept. Stores, Inc.,* 306 B.R. 43 (Bankr. S.D.N.Y. 2004) (authorizing rejection even though the debtor left behind abandoned personal property and was in default of clean-up obligations); *In re National Refractories & Minerals Corp.,* 297 B.R. 614 (Bankr. N.D. Cal. 2003) (same); *see also In re Unidigital*, 262 B.R. 283 (Bankr. D. Del. 2001) (denying landlord's request for administrative expense status for costs incurred in the removal of abandoned equipment on previously leased premises when the lease was rejected months earlier).

24.     Courts have also made clear that a debtor's failure to remove abandoned personal property on leased premises does not prevent effective rejection. *Ames Dept. Stores*, 306 B.R. 43; *National Refractories*, 297 B.R. 614; *Unidigital*, 262 B.R. 283.

25.     In the interest of returning control of the leased premises to the respective landlords as soon as possible, the Trustee believes that it is in the best interest of all parties to also abandon any property not included in the Partner Sale Order or Maser Assignment Order.

26.     In addition, and in accordance with the Local Bankruptcy Rules, the Trustee further requests that the Court require the respective landlords to file a claim, if any, on or before thirty (30) days after the Lease Rejection Date or be forever barred from asserting a claim in this matter.

27.     In summary, the Trustee believes that the proposed rejection of the executory client contracts, unexpired equipment leases and unexpired non-residential real property leases, referenced in the attached schedules "A" through "C," is tailored to minimize administrative expenses,

maximize distributions to creditors in this Chapter 11 case, and quickly return control of the subject property.

28. Based upon the foregoing, the Trustee respectfully requests the Court issue the attached proposed order authorizing the rejection.

**WHEREFORE**, the Trustee respectfully requests the entry of the attached proposed Order, pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, authorizing the Trustee to (i) reject certain executory client contracts, (ii) reject certain unexpired equipment leases, (iii) reject certain unexpired non-residential real property leases as of the earlier of the date the Debtors vacate the property or the date of the entry of this Order, (iv) authorizing the Trustee to abandon any fixtures or personal property located at the leased premises; and (v) requiring the landlord to file a Proof of Claim, if any, on or before thirty (30) days after the entry of this Order rejecting the leases or be forever barred from asserting a claim in this case together with such other and further relief as is just and equitable.

**WASSERMAN, JURISTA & STOLZ, P.C.**
Counsel to Edwin H. Stier, Esq.,
Chapter 11 Trustee

By: _____/s/Donald W. Clarke_____
 **DONALD W. CLARKE**

Dated: July 9, 2013

7