| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>WASSERMAN, JURISTA & STOLZ, P.C.<br>225 Millburn Avenue, Suite 207<br>PO Box 1029<br>Millburn, New Jersey  07041<br>Tele: (973) 467-2700 / Fax:  (973) 467-8126<br>Counsel for Edwin H. Stier, Chapter 11 Trustee<br>**DANIEL M. STOLZ (DS-1827)** | |
| In Re:<br><br>**BIRDSALL SERVICES GROUP, INC.,** *et al.*,<br><br>Debtors. | Case No.: 13-16743(MBK)<br><br>Honorable Michael B. Kaplan<br><br>Chapter: 11<br><br>Hearing Date: August 12, 2013 at 10:00 a.m. |

**TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §1112 FOR THE ENTRY OF AN ORDER CONVERTING CHAPTER 11 CASES TO CASES UNDER CHAPTER 7**

Edwin H. Stier, Chapter 11 Trustee for the above captioned administratively consolidated Debtors (the "Trustee"), by and through his undersigned counsel, hereby files this motion (the "Motion") for entry of an order, pursuant to 11 U.S.C. §1112 converting the within Chapter 11 Cases to Cases under Chapter 7.  In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

2. The statutory and legal predicates for the relief sought herein are 11 U.S.C. §1112 of the Bankruptcy Code and Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure.

1

**GENERAL BACKGROUND**

3. On March 29, 2013, (the "Petition Date") Birdsall Services Group, Inc. ("BSG, Inc.") and BSG Engineering, Surveying & Landscape Architecture, LLC (hereinafter, the "Debtors") filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code. BSG, Inc. is the owner of the following wholly owned subsidiaries: Birdsall Engineering, Inc.; LGH Engineering, Inc.; Morris, Johnson & Associates, Inc., PMPK Group, Inc.; DiStasio & Van Buren, Inc.; and The TBCSC Corporation.

4. Pursuant to Order of this Court, the two Chapter 11 Cases have been administratively consolidated.

5. The Debtors provided professional engineering, environmental consulting and other services, pursuant to approximately 3500 contracts with both public and private entities. Many of the Debtors existing contracts involved ongoing rebuilding efforts in the wake of Hurricane Sandy.

6. On March 26, 2013, the State of New Jersey, Division of Criminal Justice filed an indictment against BSG, Inc. and several of its former executives alleging, *inter alia*, violations of the New Jersey "Pay-to-Play" statute. In a separate civil action, the State obtained an Order from the Superior Court of New Jersey, Law Division directing the seizure of substantially all of the Debtors' assets, including their bank accounts.

7. In response to the Seizure Order, the Debtors filed their Chapter 11 Petitions and obtained Orders from this Court authorizing the use of cash collateral.

8. The United States District Court for the District of New Jersey granted a "Temporary Stay", of the Second Cash Collateral Order, which prevented the Debtors' use of their funds and resulted in the furlough of all employees. On April 15, 2013, the Debtors and the

State reached a consensual resolution over the Debtors continuing use of assets and funds, which was approved by the Court. The settlement provided for the appointment of a Chapter 11 Trustee. Shortly thereafter, the Office of the United States Trustee appointed Edwin H. Stier as Chapter 11 Trustee.

9. The Trustee's appointment has been approved by this Court. The Trustee retained Wasserman, Jurista & Stolz, P.C. as his primary counsel, The Mercadian Group as Financial Advisors and England Securities, LLC as Investment Advisors.

10. Unfortunately, the cumulative impact of the indictments, the freezing of the accounts, furloughs and the Chapter 11 filing was so catastrophic that the Trustee was left with no choice, but to seek a sale of the company.

11. The Trustee moved for the approval of certain Bid Procedures with regard to the sale of substantially all of the assets of the Debtors.

12. By way of Order dated May 20, 2013, the Court approved the Bidding Procedures and scheduled a Sale Hearing for June 5, 2013.

13. At the conclusion the June 5th Hearing, the Court approved the sale of substantially all of the Debtors' assets to Partner Assessment Corporation ("PAC"). An Order was entered by this Court June 6, 2013, approving the sale.

14. The Sale from Partners closed on June 21, 2013.

15. As a result of the sale to PAC, substantially all of the Debtors' operations have been terminated. Pursuant to the Asset Purchase Agreement approved by the Court, all ongoing services with regard to contracts of the Debtors are being performed by PAC employees and PAC has assumed occupancy of the Debtors' facility in Eatontown, New Jersey and is responsible for all expenses with regard thereto.

16.     With the exception of a very small number of employees who will assist the Trustee in the administration of the within Bankruptcy Estates, all employees of the Debtors have been terminated.

17.     Pursuant to the criminal plea entered by the Trustee on behalf of the Debtors, as authorized by this Court, the Debtors will be debarred from conducting future business as of the Date of the Criminal Sentencing.

18.     PAC will perform the ongoing contracts, until they are either assigned to PAC, or rejected pursuant to Order of this Court.

19.     It has become obvious that there is no possibility of confirmation of a Plan of Reorganization in these Cases.

20.     It is the Trustee's belief that the orderly and efficient administration of these Cases can be more easily and economically accomplished in the context of a Chapter 7 proceeding.

## LEGAL ARGUMENT

21.     Section 1112(b)(1) of the Bankruptcy Code, as amended in 2005, provides that:

> *"except as provided in Paragraph (2) in Subsection (c) on request of a party-in-interest, and after notice and a hearing, the Court shall convert a case under this Chapter to a Case under Chapter 7…….for cause unless the Court determines that the appointment under Section 1104(a) of a Trustee or an examiner is in the best interest of creditors and the estate.*

22.     The 2005 Amendments to Section 1112(b)(1) made "conversion mandatory upon a showing of cause subject to specified exceptions".  In re Pegasus Wireless Corporation v. Tsao, 391 F. App'x 802, 802-3 (11th Cir. 2010); See also, Nestor v. Gateway Access Solutions, Inc., 374 B.R. 556, 560-564 (Bankr. M.D. Pa. 2007).

4

23. Section 1112(b)(4) of the Bankruptcy Code enumerates 16 examples of cause. These factors are non-exhaustive and, thus, Section 1112(b)(4) permits Courts to "consider other factors as they arise and use its equitable powers to reach an appropriate result in individual cases." Colonial Daytona, Ltd., 152 B.R. 996, 1001 (M.D. Fla. 1993); Accord 11 U.S.C. §102(3) (includes and including are not limiting)."

24. Once the moving party establishes cause, the burden then shifts to the Debtor under Section 1112(b)(2) to establish "unusual circumstances" to satisfy the conjunctive requirements in Subsection(A) and (B).

25. In light of the circumstances of the within Chapter 11 Cases, clearly "cause" exists for the conversion of these Cases to cases under Chapter 7. The business has ceased operating, there is no ability to reorganize or rehabilitate the Debtors. The obligations connected with remaining in requirements in Chapter 11, including interim monthly reporting, impose additional costs and burdens on the within Estates, which will not exist in Chapter 7.

26. Clearly, the orderly liquidation of the within Cases can be best accomplished in a Chapter 7 liquidation proceeding.

**WHEREFORE,** Edwin H. Stier, respectfully requests entry of the Order submitted herewith, converting the within Cases from proceedings under Chapter 11 of the Bankruptcy Code to proceedings under Chapter 7 of the Bankruptcy Code, together with such other and further relief as is just and equitable.

                                  **WASSERMAN, JURISTA & STOLZ, P.C.**
                                  Counsel for Edwin H. Stier, Esq., Chapter 11 Trustee

                                    */s/ Daniel M. Stolz*
                            By: _____
Dated: July 10, 2013             **DANIEL M. STOLZ, ESQ.**
                                  225 Millburn Avenue
                                  Suite 207
                                  Millburn, New Jersey 07041
                                  Tel: (973) 467-2700
                                  Fax: (973) 467-8126
                                  Email: dstolz@wjslaw.com