```
                   UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF NEW JERSEY

  IN RE:                        .    Case No. 13-16743(MBK)
                                .
  BIRDSALL SERVICES GROUP,      .
  INC., et al.,                 .
              Debtors.          .
  . . . . . . . . . . . . . .   .
  EDWIN H. STIER                .    Adv. No. 13-01807(MBK)
              Plaintiff,        .
         v.                     .
                                .
  BIRDSALL, et al,              .
                                .
              Defendants.       .
  . . . . . . . . . . . . . .   .
  EDWIN H. STIER,               .    Adv. No. 13-01808(MBK)
              Plaintiff,        .
         v.                     .
                                .    402 East State Street
  ANGARONE, et al,              .    Trenton, NJ 08608
              Defendants.       .
  . . . . . . . . . . . . . .   .
                                     March 17, 2014
                                     2:18 p.m.

                       TRANSCRIPT OF RULING
                 BEFORE HONORABLE MICHAEL B. KAPLAN
                UNITED STATES BANKRUPTCY COURT JUDGE
```

Audio Operator:         Kathleen Feeley

Proceedings recorded by electronic sound recording, transcript produced by transcription service.
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311     Fax No. (609) 587-3599**

**APPEARANCES:**

| | |
|---|---|
| For The Trustee:<br>Edwin Stier: | Wasserman, Jurista & Stolz<br>By:   DANIEL STOLZ, ESQ.<br>225 Millburn Avenue, Ste. 207<br>P.O. Box 1029<br>Millburn, NJ 07041 |
| For Robert Gerard:<br>and James Johnston | Saiber, LLC<br>By:   VINCENT F. PAPALIA, ESQ.<br>18 Columbia Turnpike<br>Ste. 200<br>Florham Park, NJ 07932 |
| For Birdsall, Hilla and:<br>McFadden | Wollmuth Maher & Deutsch, LLP<br>By:   PAUL R. DeFILIPPO, ESQ.<br>One Gateway Center, 9th Flr.<br>Newark, NJ 07102 |
| For Mark Worthington: | Scarpone & Vargo, LLC<br>By:   JAMES A. SCARPONE, ESQ.<br>50 Park Place<br>Ste. 1003<br>Newark, NJ 07102 |
| For Unindicted Defendants: | Archer & Greiner<br>By:   ELLIS I. MEDOWAY, ESQ.<br>One Centennial Square<br>Haddonfield, NJ 08033 |
| For Susan Jackson: | Chamlin Rosen, et al<br>By:   ANDREW T. WALSH, ESQ.<br>268 Norwood Avenue<br>West Long Branch, NJ 07764 |
| For Thomas Roskos: | Patton Boggs<br>By:   MARK SHERIDAN, ESQ.<br>Legal Center<br>One Riverfront Plaza<br>1037 Raymond Boulevard<br>Ste. 600<br>Newark, NJ 07102 |
| For U.S. Specialty Insurance: | Drinker, Biddle & Reach<br>By:   FRANK F. VELOCCI, ESQ.<br>500 Campus Drive<br>Florham Park, NJ 07932 |

**APPEARANCES (Contd.)**

| | |
|---|---|
| Special Litigation Counsel for the Trustee: | Pepper Hamilton<br>By: JEFFREY CARR, ESQ.<br>301 Carnegie Center Drive<br>Princeton, NJ 08540 |

1                (The following is the requested excerpted portion
2                            of the proceeding)
3           THE COURT:  All right, thank you.  This matter comes
4  before the Court upon the motion filed on behalf of the
5  trustee, Edwin Stier, for Birdsall seeking approval of two
6  pieces of litigation that are pending before the Court, Stier
7  v. Birdsall, 13-1807 Adversary Proceeding 1807, and Stier v.
8  Angarone, et al., 13-1808.  Court's -- trustee seeks approval
9  of the Court's -- strike that.  The trustee seeks approval of
10 the settlement pursuant to Federal Bankruptcy Procedure 9019.
11 This Court has jurisdiction over this matter pursuant to 28
12 U.S.C. Section 1334.
13           The underlying issues here or the underlying piece of
14 litigation the Court views as non-core, but certainly related
15 to this bankruptcy proceeding unless this Court asserts subject
16 matter jurisdiction over the underlying litigation.  As a non-
17 core matter, where they would have eventually been tried is a
18 different issue.  Certainly the likelihood given the jury
19 demands would have been -- would be that they would have been
20 tried in front of the district court.  But still this Court
21 retains in Stern v. Marshal, it has no impact upon its
22 termination as to the ability of a Court to hear, as far as
23 subject matter jurisdiction, non-core matters.  The litigation
24 certainly has the potential for an impact upon the
25 administration and the recovery in this bankruptcy estate.

1        The approval of the settlement poses significant
2   issues.  The issues that have been contested this afternoon for
3   the most part do not go to the traditional issues that need to
4   be determined with respect to a motion to approve the
5   settlement or compromise.  Both sides have referenced the In re
6   Martin decision.  The In re Martin decision was affirmed I
7   think in 2006 by the Third Circuit in Nutriquest, but that
8   decision did also note that the settlement in order to be
9   approved must also be fair and equitable and that fair and
10  equitable must also take into account the fairness of the
11  settlement to other persons, parties who may not have settled.
12       The Court accepts the proffer by counsel for the
13  trustee as to the testimony that would be given by Mr. Stier in
14  support of the proposed settlement without going through the
15  steps to hear such testimony.  The Court accepts counsel's
16  proffer and, indeed, there is no real dispute that the
17  litigation being or sought to be settled today involves
18  extensive claims, complicated claims, attendant costs, risks,
19  expenses.  They would involve in all likelihood jury issues
20  that the recovery may be difficult and that the best interest
21  of the creditors in combining the monetary recovery with the
22  withdrawal of claims in this case are certainly a benefit to
23  the estate and in the best interest of the creditors, the
24  traditional In re Martin standards.
25       Certainly, in looking at the probability of success

1  in the litigation, the likelihood in collection, the paramount
2  interest of creditors as well as the complexity involved,
3  there's no dispute that those factors are present here and
4  would be met.
5           The larger issue is the inclusion in this proposed
6  settlement of a bar order that proposes to bar the claims of an
7  objecting party here, Mr. Worthington, and his ability to bring
8  claims that I'll call securities claims bottomed on the
9  purchase of an equity interest in Birdsall by Mr. Worthington
10 and the borrower preventing continued prosecution of those
11 claims against the settling defendants in the two adversary
12 proceedings that are being settled today.
13          The Court has been presented with a series of cases
14 which both support and offer a lack of support for the ability
15 to include such a bar order.  Most of the cases do involve
16 defendants in the litigation or claims for contribution or
17 they're derivative in nature.  Some of the cases cited involve
18 situations that are -- where a bar order has been provided for
19 in a different context out of a plan confirmation or a separate
20 105 action brought by a litigant.
21          I think one of the closest cases that have been cited
22 to the Court besides the <u>Eichenholz</u> case in the <u>Tribune</u> matter
23 is the Eleventh Circuit case <u>In re Superior Homes and</u>
24 <u>Investments, LLC</u>, which provided for the inclusion of a bar
25 order where the suits would have an effect on the bankruptcy

estate. I think the approach taken in <u>Superior Homes and Investments, LLC</u>, is a rational approach.

I say that because in my view the nature of the claims held by Mr. Worthington are premised on alleged wrongdoing and alleged malfeasance that do not differ from the allegations that underlie the trustee's cause of action, that the harm inflicted on Mr. Worthington doesn't differ, even though the harm is as an equity holder, doesn't differ from the harm inflicted upon the creditors, i.e., the destruction of this business, the lack of a recovery by creditors of the estate, whether a party suffering a loss as an equity holder or as a creditor, the difference is, to me, de minimus.

So when we look at -- when this Court looks at the nature of the damages, the nature of the wrongdoing, the nature of the underlying facts, the Court agrees that in essence Mr. Worthington's claims that underlie his third party action are basically premised on the same types of allegations made against the defendants in the actions being settled and thus fall with the purview of the claims which the trustee has authority and has sole authority to settle, that the bar order in this case is critical for the implementation of the settlement, that the settlement will indeed bring about a significant recovery for the benefit of the bankruptcy estate and offer the estate substantial benefits with respect to claims reduction.

1  And going back to the In re Martin test and the
2  Nutriquest standards of fair and equitable, in light of the
3  benefits that will flow to Mr. Worthington as described under
4  the settlement and in light of the fact that this Court does
5  not view Mr. Worthington's claims as differing from the nature
6  of the trustee's claims, the Court finds and determines that
7  the settlement is fair and equitable to Mr. Worthington and
8  also to Mr. -- if I pronounce this -- Fastiggi for the same
9  reasons, the Court having clarified with counsel for the
10 trustee that there will be an abandonment of any claims to be
11 sought by the trustee based on any of the promissory notes that
12 are extent in the case.
13  The Court makes this determination knowing that the
14 recovery to the trustee -- well, strike that.  At this juncture
15 while the claims to be brought or sought to be brought by Mr.
16 Worthington are still a viable third party complaint, that is,
17 incorporated in a separate adversary proceeding, the Court will
18 leave it ultimately to Judge Shipp to determine where those
19 claims go.  There's a pending motion for withdrawal.
20  Just so that it's clear, my determination today is
21 limited to a finding that the claims asserted by Mr. Fastiggi
22 and Mr. Worthington fall within the parameters of the claims
23 that are being settled by the trustee and are subject to the
24 bar order.  All right?
25  (Conclusion of requested excerpted portion of the proceeding)

1                              * * * * *

2                         **C E R T I F I C A T I O N**

3         I, MARY POLITO, court approved transcriber, certify

4  that the foregoing is a correct transcript from the official

5  electronic sound recording of the proceedings in the

6  above-entitled matter, and to the best of my ability.

7

8

9  /s/ Mary Polito

10 MARY POLITO

11 J&J COURT TRANSCRIBERS, INC.          DATE:   March 19, 2014